IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HERRERA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARIO HERRERA, APPELLANT.

Filed February 26, 1019.    No. A-18-767.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Vacated and remanded for resentencing.

Jessica R. Meyers, Deputy Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and Derek T. Bral, Senior Certified Law Student, for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Mario Herrera appeals the sentence he received in the district court for Scotts Bluff County, arguing that the district court abused its discretion and imposed an excessive sentence. We find that Herrera was sentenced under the wrong sentencing guidelines and therefore received an improper sentence. We therefore vacate his sentence and remand the cause for resentencing.

### BACKGROUND

Herrera was charged in early 2018 with one count of third degree sexual assault of a child, in violation of Neb. Rev. Stat. § 28-320.01(3) (Reissue 2016), a Class IIIA felony. The State alleged that the assault occurred between January 2015 and May 2015. Herrera pled not guilty.

Herrera subsequently entered a plea of no contest to the charge of third degree sexual assault of a child. In exchange for Herrera's plea, the State agreed to dismiss another case pending against Herrera, where he was charged with possession of a deadly weapon by a prohibited person. The State also agreed to stand silent during Herrera's sentencing.

As part of Herrera's plea, the State provided a factual basis to the court stating that in January 2018, the victim, Destiny M., disclosed to her counselor that she had been assaulted by Herrera. In a subsequent forensic interview, Destiny disclosed that she was staying at her aunt's house when Herrera, a friend of her aunt's, came over. Destiny, her aunt, and Herrera watched a movie and then played a game, during which Herrera reached under the table and touched her vagina on top of her clothing. Destiny stated that Herrera touched her more than once. Destiny further disclosed that she believed the assault happened when she was in third grade, during the school year. Destiny's aunt confirmed that Herrera would come to her house often to watch movies or play games. After seeing a report on the news that Herrera had been arrested for touching young girls, Destiny's aunt asked Destiny if Herrera had ever touched her and she responded affirmatively.

Following the State's factual basis for the charge, the district court accepted Herrera's plea of no contest and found him guilty of the charge. He was sentenced to 2 years' imprisonment, and 18 months of postrelease supervision. Herrera timely appeals.

## ASSIGNMENT OF ERROR

Herrera assigns, restated, that the district court abused its discretion and imposed an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

## ANALYSIS

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Herrera was convicted of a Class IIIA felony, which, under the current version of Nebraska's sentencing statute, carries a penalty of a maximum of 3 years' imprisonment and 18 months of postrelease supervision. Neb. Rev. Stat. § 28-105 (Reissue 2016). Section 28-105 also

requires a minimum of 9 months of postrelease supervision if imprisonment is imposed for a Class IIIA felony. Thus, Herrera's sentence was within the current statutory guidelines for his offense. However, as noted by the State, Herrera was sentenced under the current version of § 28-105, which was amended in 2015. Section 28-105(8) states "the changes made to the penalties for Class III, IIIA, and IV felonies by Laws 2015, LB 605, do not apply to any offense committed prior to August 30, 2015. . . ." Therefore, because Herrera's offense occurred between January 2015 and May 2015, he should have been sentenced under the previous iteration of § 28-105 (Cum. Supp. 2014).

The 2014 version of § 28-105 provided that Class IIIA felonies were punishable by up to 5 years' imprisonment, a fine of $10,000, or both. No postrelease supervision existed. § 28-105(1) (Cum. Supp. 2014). Thus, because Herrera was sentenced under the wrong version of § 28-105, we agree with the State's assertion that his sentence should be vacated and his case remanded to the district court for resentencing under the appropriate version of § 28-105 (Cum. Supp. 2014). Because we are vacating Herrera's sentence and remanding for a new sentence, we do not address Herrera's claim that the sentence imposed was excessive.

CONCLUSION

For the reasons set forth above, we find that Herrera's sentence of 2 years' imprisonment and 18 months of postrelease supervision should be vacated and his case remanded to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.